JOSHUA D. HURWIT, IDAHO STATE BAR NO. 9527
UNITED STATES ATTORNEY
CHRISTOPHER A. BOOKER, IDAHO STATE BAR NO. 7672
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
1290 W. MYRTLE ST. SUITE 500
BOISE, ID 83702-7788
TELEPHONE: (208) 334-1211

U.S. COURTS
JUN 18 2024
Rcvd_____ Filed_____ Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>OSCAR ALEJANDRO PEREZ-GOMEZ, PATRICK DELACRUZ, and LEONARDO ESPINOZA-ROMERO,<br>Defendants. | Case No. CR 24 0155-S AKB<br>**INDICTMENT**<br>21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and 853 |

The Grand Jury charges:

**COUNT ONE**

**Conspiracy to Distribute Methamphetamine**
**21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846**

Beginning on or about January 1, 2023, and continuing to on or about June 12, 2024, in the District of Idaho and elsewhere, the Defendants OSCAR ALEJANDRO PEREZ-GOMEZ, PATRICK DELACRUZ, and LEONARDO ESPINOZA-ROMERO, did knowingly and intentionally combine, conspire, confederate and agree with each other and with other individuals known and unknown to the Grand Jury, to distribute 500 grams or more of a mixture

and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code Sections 841(a)(1), (b)(1)(A), and 846.

## CRIMINAL FORFEITURE ALLEGATION

### Drug Forfeiture
### 21 U.S.C. § 853

Upon conviction of the offense alleged in this Indictment, the Defendants, OSCAR ALEJANDRO PEREZ-GOMEZ, PATRICK DELACRUZ and LEONARDO ESPINOZA-ROMERO, shall forfeit to the United States any and all property, real and personal, tangible and intangible, consisting of or derived from any proceeds the said Defendants obtained directly or indirectly as a result of the foregoing offense; and any and all property, real and personal, tangible and intangible, used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the foregoing offenses. The property to be forfeited includes, but is not limited to, the following:

1. Unrecovered Cash Proceeds and/or Facilitating Property. The Defendants obtained and controlled unrecovered proceeds of the offense of conviction, or property derived from or traceable to such proceeds, and property the Defendants used to facilitate the offense, but based upon actions of the Defendants, the property was transferred, diminished, comingled, or is otherwise unavailable.

2. Substitute Assets. Pursuant to 21 U.S.C. § 853(p) and other applicable statutes, the government will seek forfeiture of substitute assets, or "any other property of the defendant" up to the value of the Defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

   a. Cannot be located upon the exercise of due diligence;

   b. Has been transferred or sold to, or deposited with, a third person;

c. Has been placed beyond the jurisdiction of the court;

d. Has been substantially diminished in value; or

e. Has been commingled with other property which cannot be subdivided without difficulty.

Dated this 18th day of June, 2024.

A TRUE BILL

*/s/ [signature on reverse]*

FOREPERSON

JOSHUA D. HURWIT
UNITED STATES ATTORNEY
By:

CHRISTOPHER A. BOOKER
ASSISTANT UNITED STATES ATTORNEY